DAVID R. KNUDSON (Bar No. 265461)
david.knudson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

PAUL A. TAUFER (*pro hac vice pending)*
paul.taufer@dlapiper.com
MICHAEL BURNS (*pro hac vice pending*)
michael.burns@dlapiper.com
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Tel: 215.656.3300
Fax: 215.656.3301

Attorneys for Defendant
LUMEE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SNAP LIGHT, LLC,

Plaintiff,

v.

LUMEE, LLC and DOES 1 to 10,

Defendants.

CV NO. '17CV0013 AJB BGS

(Removed State Court Case – San Diego County Superior Court Case No. 37-2016-00042228-CU-BT-NC)

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

(Patent-Related)

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant LuMee, LLC ("LuMee") hereby removes the above-entitled state court action, Case No. 37-2016-00042228-CU-BT-NC, from the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California on the basis of federal question and diversity jurisdiction. In support of this Notice of Removal, Defendant states as follows:

## I. THE STATE COURT ACTION

The removed action, *Snap Light, LLC v. LuMee, LLC and Does 1-10*, was filed on December 2, 2016 in the Superior Court of California in and for San Diego County, North County, and assigned Case No. 37-2016-00042228-CU-BT-NC. Plaintiff Snap Light, LLC ("Snap Light") served the complaint on LuMee on December 5, 2016. The complaint alleges causes of action for fraud, unfair business practices pursuant to Cal. Civ. Proc. Code § 17200, and libel, all of which arise from Snap Light's allegations that Defendant LuMee falsely accused Snap Light of patent infringement, and notified Snap Light's customers, distributors and internet provider of the infringement. The complaint also seeks injunctive relief. As of the filing of this removal, Plaintiff's *Ex Parte* Application for a Temporary Restraining Order was heard and denied by the state court. Pursuant to 28 U.S.C. § 1446(a), attached are copies of all state court process, pleadings, and orders served on Defendant in the removed case. (Declaration of David R. Knudson in Support of Notice of Removal by Defendant ("Knudson Decl."), Exhibits 1 through 6).

## II. NO JOINDER REQUIRED

There is only one named defendant in this action and Defendant is not aware of any other defendant having been served with Plaintiff's Complaint.

/////

## III. BASIS OF REMOVAL: FEDERAL QUESTION AND DIVERSITY JURISDICTION

This Court has original and exclusive jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) because resolution of Snap Light's causes of action depends on a substantial question of federal patent law, which is currently pending in another district court. See Knudson Decl., Ex. 7, Compl. filed in *LuMee, LLC v. Snap Light, LLC.,* Case No. 1:16-cv-10129-UNA (D. Del.) Therefore, this action may be properly removed to this Court on the basis of federal question jurisdiction, and must be removed from state court, which does not have subject matter jurisdiction. Alternatively, this Court has diversity jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states, the named Defendant is not a citizen of the State of California, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as more fully explained below. 28 U.S.C. §§ 1441(a) & (b).

### A. Federal Question Jurisdiction

This case is properly removed under 28 U.S.C. § 1441 because resolution of Snap Light's causes of action depends on a determination of patent infringement, which is a substantial question of federal patent law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988); *see also Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.,* 986 F.2d 476, 478 (Fed. Cir. 1993). It is black letter law that federal courts have exclusive subject matter jurisdiction for "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). The United States Supreme Court has explained that the scope of § 1338(a) extends jurisdiction to federal courts when a plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law. *Christianson*, 486 U.S. at 808–09.

Here, the bases for each of Snap Light's causes of action are that LuMee falsely accused Snap Light of patent infringement, informed Snap Light's

customers of the infringement, and demanded that Snap Light and its retail distributors cease and desist from selling the infringing products. See Ex. 1, Compl., ¶¶ 9, 15, 23. Because Plaintiff must prove for each of its causes of action that Defendant's statements were false—that is, it must prove that its products do not infringe LuMee's patents—patent law is a necessary element of Plaintiff's claims. Section 1338(a) therefore applies to vest exclusive jurisdiction in a district court. *Additive Controls*, 986 F.2d at 478.

**B. Diversity Jurisdiction**

This case is also properly removed under 28 U.S.C. § 1441 because it is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity exists between the properly considered plaintiff and defendant. The presence of the Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

**1. Diversity of Citizenship Exists.**

Upon information and belief, Plaintiff Snap Light is a California limited liability company who admits it has its offices in San Diego, California. Ex. 1, Compl., ¶ 7. Defendant LuMee is a Delaware limited liability company, having its principle office in Park City, Utah. Ex. 7, Del. Compl., ¶ 1. As citizens of California, Delaware, and Utah, respectively, complete diversity of citizenship exists between Plaintiff and Defendant. *See* 28 U.S.C. § 1332.

**2. Amount in Controversy is Satisfied.**

The Complaint specifies an exact amount of damages, which exceeds $75,000, exclusive of interest and costs. Plaintiff alleges it has been damaged in the sum of $500,000.00, *see* Ex. 1, Compl., ¶ 13, and further seeks punitive damages in the sum of $1,000,000. *Id.* at ¶ 14. *See* 28 U.S.C. § 1332.

## IV. COMPLIANCE WITH STATUTORY REQUIREMENTS

Plaintiff commenced this action on December 2, 2016 and served Defendant LuMee on December 5, 2016. This Notice of Removal is therefore timely filed. *See* 28 U.S.C. § 1446(b).

Venue is proper in this Court because the United States District Court for the Southern District of California embraces the county in which the state court action is now pending. *See* 28 U.S.C. §§ 1441(a), 84(d).

Pursuant to 28 U.S.C. § 1446(d), Defendant will file in the state court and serve on all parties a Notice to Adverse Parties and State Court of Notice of Removal and this Notice of Removal.

## V. NO WAIVER

Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter in this proceeding, including the filing of any motion under Fed. R. Civ. P. 12. If any question arises as to the propriety of this removal, Defendant requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in support of its position that this case is properly removable.

## VI. CONCLUSION

Accordingly, Defendant respectfully requests that this action now pending against Defendant in the Superior Court of the State of California, County of San Diego, be removed to this Court and that this action be placed upon the docket of this Court for further proceedings as though originally instituted in this Court.

Dated: January 4, 2017

DLA PIPER LLP (US)

By */s/ David R. Knudson*
DAVID R. KNUDSON
PAUL A. TAUFER
MICHAEL BURNS

Attorneys for Defendant
LuMee, LLC